UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**BAE Systems Information and**
**Electronic Systems, Inc.**

    v.                              Case No. 10-cv-00215-PB
                                      Opinion No. 2011 DNH 007

**Mark Storer, Stephen Luker,**
**Terry Mohn, Duane Pearson,**
**Thomas Gregg, Allen Zwan,**
**Catherine Bloom, and Fatima**
**Abassi**


**MEMORANDUM AND ORDER**

BAE Systems Information and Electronic Systems, Inc. ("BAE") has sued the defendants, former employees of BAE, seeking a declaratory judgment that the defendants were at-will employees who are not owed any additional compensation based upon the circumstances of their termination. The defendants filed a motion to dismiss the complaint.[1] For the reasons discussed below, I grant the defendants' motion.


**I.    BACKGROUND**

BAE is a subsidiary of one of the nation's largest defense contractors. The defendants are all former employees of BAE.

---

[1] Defendants seek a change of venue. I need not resolve the venue question because I determine that the complaint should be dismissed for other reasons.

1

In 2007, BAE started a business venture known as the Innovation and Growth Initiatives ("I&GI"). This program, headed by BAE executive Larrie Cable, was to act as a "venture capitalist" to a group of initiatives that would operate like start-up business entities within BAE. One of those initiatives was known as the Balance Energy Initiative ("Balance Energy").

In early 2009, Cable engaged in phone and email correspondence with Mark Storer, then a BAE employee, regarding Balance Energy. Cable and Storer eventually met in San Diego, California, where Storer agreed to head up Balance Energy. Storer and the other defendants claim that Cable told Storer during the meeting that he would have at least five years to execute the proposed business plan for Balance Energy and the initiative would only be terminated for failure to perform.

From February to July of 2009, Storer recruited the other seven co-defendants, all of whom began working for Balance Energy. In March of 2010, however, BAE terminated the initiative for reasons unrelated to its performance and gave the defendants sixty days to find alternative employment within BAE. The defendants retained counsel, who sent correspondence to BAE in May challenging the company's decision to terminate the initiative and issuing a settlement demand. BAE responded with

an email requesting a more specific monetary demand and an extension of time to respond to the defendants' settlement demand. Defendants' counsel added more detail to their demand and gave BAE until June 4, 2010 to respond. Instead, on June 3, 2010, BAE filed this action seeking a declaratory judgment that the defendants were at-will employees who are not due any additional compensation.

The defendants filed their lawsuit against BAE and its affiliate, BAE Systems Information Solutions, Inc., on July 19 in San Diego County, California Superior Court. The state action seeks damages against BAE on a variety of state statutory and common-law claims stemming from their termination.

## II. ANALYSIS

It is apparent that BAE rushed to file this declaratory judgment action in an effort to stave off threatened litigation by the defendants. In such circumstances, a federal court has broad discretion to dismiss a parallel claim for declaratory relief if the court determines that the dispute "can better be settled in the proceeding pending in the state court." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942)).

3

BAE does not seriously challenge the defendants' contention that this case and the California state court case are parallel proceedings.  Instead, it argues that the court lacks discretion to dismiss the federal case because BAE filed it before the defendants filed the state court case.  I reject this argument because it is foreclosed by First Circuit precedent.  In American Home Assurance Co. v. Insular Underwriters Corp., 494 F.2d 317 (1st Cir. 1974), the state court action was filed later in the same day as the federal action.  In rejecting the argument that BAE presents here, the court stated that "it is irrelevant who won the race to the courthouse door."  Id. at 320.  Instead, the court noted that "[t]he relevant question is, rather, whether at the time of hearing on the motion to dismiss, there is such a plain, adequate, and speedy remedy afforded in the pending action, that a declaratory action will serve no useful purpose."  Id. (internal quotations omitted).[2]

---

[2] BAE also argues that exercising my discretion to dismiss the case in light of the California proceeding would "effectively gut the first-filed rule."  Pl.'s Opp'n to Def.'s Mot. To Dismiss or, in the Alternative, Transfer Venue, Doc. No. 25, 25.  However, the first-filed rule is irrelevant here, as it only applies when a complaint involving the same parties and issues has already been filed in a different federal district.  See

This action raises a question that is worth deciding only because it may affect the defendants' entitlement to relief in the California state court case.  Although the state court case presents additional issues and names an additional defendant, these facts, if anything, weigh in favor of dismissing this action.  Id. at 320-21 (concluding that additional claims and parties in the state court proceeding favor dismissal of the federal action because resolution of the state action is "likely to still the controversy more completely than in the federal courts").  In short, there is simply no good reason why BAE should be permitted to proceed in this court when the issue it seeks to raise can be expeditiously resolved in the state court action.[3]

---

Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) ("Where identical actions are proceeding concurrently in two *federal* courts . . . the first filed action is generally preferred in a choice-of-venue decision.") (emphasis added).

[3]  A stay is usually the "preferable course" where the basis for declining to proceed is the pendency of a state court proceeding because a stay assures that the federal action will not be time-barred if the state case fails to resolve the issues completely. Wilton, 515 U.S. at 288 n.2.  In this declaratory judgment action, however, the relief BAE seeks is potentially valuable to BAE only because it may provide an effective response to the various breach of contract claims that the defendants have brought in state court.  Because the need for declaratory relief will disappear if the state court action is resolved, there is no need to keep the case alive to preserve BAE's ability to protect itself through declaratory relief.  Thus, dismissal rather than a stay is warranted in this case.

5

### III. **CONCLUSION**

For the reasons stated above, I conclude that moving forward with the declaratory judgment claim in this case would be inappropriate in light of the pending state court proceeding, and I grant the defendants' motion to dismiss (Doc. No. 20) without prejudice to BAE's right to press the issue it seeks to raise here in the California state court action.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 11, 2011

cc: Anthony S. Califano, Esq.
    Bret A. Cohen, Esq.
    Micha Danzig, Esq.
    Dana L. Fleming, Esq.
    Daniel B. Klein, Esq.
    James R. Patterson, Esq.
    Maura M. Pelham, Esq.
    Arthur G. Telegen, Esq.
    Martha Van Oot, Esq.
    Steven L. Winer, Esq.